Matter of Fasanaro (2020 NY Slip Op 04742)





Matter of Fasanaro


2020 NY Slip Op 04742


Decided on August 26, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ROBERT J. MILLER, JJ.


2019-13957

[*1]In the Matter of Michael F. Fasanaro, Jr., an attorney and counselor-at-law. (Attorney Registration No. 1147438)



The respondent, Michael F. Fasanaro, Jr., was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 19, 1958. By order to show cause dated December 20, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, for the misconduct underlying the discipline imposed by an order of the Virginia State Bar Disciplinary Board entered July 26, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, on or before February 10, 2020.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM.


OPINION & ORDER
The respondent was licensed to practice law in the Commonwealth of Virginia on June 3, 1980. By order entered July 26, 2019, the Virginia State Bar Disciplinary Board revoked the respondent's license to practice law in Virginia and struck his name from the roll of attorneys in that state, upon his consent to revocation.
Virginia Proceedings 
The disciplinary action in Virginia arose from two client complaints, which are summarized as follows: The first complaint was filed by Jamar Hickman. In July 2018, Hickman hired the respondent to represent him in appealing his criminal conviction in the Accomack County Circuit Court to the Court of Appeals of Virginia. The respondent filed a petition for appeal on March 15, 2019, but then unilaterally ended his representation of Hickman. On March 14, 2019, the respondent's license to practice law in Virginia was suspended due to his failure to comply with mandatory continuing legal education requirements. Despite the respondent's unilateral termination of his representation of Hickman and the suspension of the respondent's license to practice law, the respondent did not seek to withdraw as Hickman's counsel, seek substitute counsel to handle Hickman's appeal, or refund any portion of the fee paid by Hickman.
The second complaint arose from the respondent's representation of Aron K. Champion. In or about 2014, the respondent was retained to represent Champion in a divorce action, for which Champion paid the respondent fees totaling $10,000. The respondent, however, did not commence a divorce action on behalf of Champion, nor diligently pursue his case. In November [*2]2018, Champion elected to participate in mediation of his divorce without the respondent's assistance. Thereafter, Champion repeatedly attempted to contact the respondent to terminate the respondent's representation and requested a refund of $7,000 representing fees paid in November 2016, but Champion had been unsuccessful. By letter dated June 4, 2019, the respondent answered the Champion complaint by admitting that he had not earned the $7,000, and that he had spent the funds. The respondent did not refund or reimburse the $7,000.
The respondent submitted an affidavit dated July 23, 2019, acknowledging the above facts and consenting to revocation of his license to practice law pursuant to Part 6, Section IV, Paragraph 13-28 of the Rules of the Supreme Court of Virginia.
New York Proceedings 
By letter dated December 3, 2019, the Grievance Committee notified this Court of the respondent's consent to revocation of his license to practice law in Virginia. The respondent failed to notify this Court or the Grievance Committee that he had been disciplined in Virginia, as required by 22 NYCRR 1240.13(d).
By order to show cause dated December 20, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, for the misconduct underlying the discipline imposed by the Virginia State Bar Disciplinary Board, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee, on or before February 10, 2020. The order to show cause further instructed that if any of the defenses enumerated in 22 NYCRR 1240.13(b)(1) or (2) are raised, such affidavit shall be supported by a copy of the record of the proceedings held before the Virginia State Bar Disciplinary Board.
Although served with a copy of the order to show cause, the respondent neither served a response, nor requested additional time in which to do so.
Findings and Conclusion 
We find that reciprocal discipline is warranted based on the findings of the Virginia State Bar Disciplinary Board. In view of the serious nature of the respondent's misconduct and his consent to revocation of his license to practice law in Virginia, the respondent is disbarred.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MILLER, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Michael F. Fasanaro, Jr., is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Michael F. Fasanaro, Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael F. Fasanaro, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael F. Fasanaro, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and
the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court